**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDILVER AGUILAR LOPEZ, | Case No. 2:26-cv-01594-APG-EJY |
| Petitioner | **Order Denying Amended Petition for Writ of Habeas Corpus** |
| v. | [ECF No. 7] |
| DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Respondents | |

Petitioner Edilver Aguilar Lopez is a citizen of Mexico and entered the United States in 2006. ECF Nos. 8-5 at 2; 8-6 at 2.  He married a United States citizen in 2011. ECF No. 8-7 at 98.  In 2023, he was convicted of driving under the influence (DUI). ECF No. 8-5 at 4, 14-19. That same year, Immigration and Customs Enforcement (ICE) detained Lopez, initiated removal proceedings against him, and released him. *See* ECF Nos. 8-1; 8-3; 8-5 at 4.  On February 5, 2026, Lopez was arrested for another DUI, and that case is pending. ECF No. 8-5 at 4-10.  ICE detained Lopez again on February 24, 2026. *Id.* at 2-3.  On May 19, 2026, he appeared for a bond determination hearing. ECF No. 8-8 at 2.  The Immigration Judge (IJ) denied Lopez bond because his DUI conviction and pending DUI charge made him a danger to the community. *Id.* Lopez remains detained. ECF No. 7 at 7.

Lopez filed this petition for a writ of habeas corpus, seeking his immediate release or a new bond hearing in the alternative.  He claims two violations of the Fifth Amendment as grounds for relief, as well as raising that he is entitled to class-wide relief under *Jacobo-Ramirez v. Noem*, No. 2:25-cv-02136-RFB-MDC.  Lopez argues that his criminal history did not warrant the IJ's dangerousness finding and that she failed to consider other relevant factual

circumstances.  He also contends that his detention without a constitutionally adequate bond hearing violates his due process rights.

The government opposes Lopez's petition and argues that he failed to exhaust his administrative remedies before filing his habeas petition.  Lopez responds that I should waive exhaustion.  I deny Lopez's petition because he failed to exhaust his administrative remedies and waiver of the exhaustion requirement is not warranted.

**I.  DISCUSSION**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).  I have "equitable discretion" "as law and justice require" for remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted).

**A.  Lopez does not dispute that the *Puga* factors support exhaustion.**

Exhaustion of administrative remedies for habeas corpus claims is a prudential requirement rather than a jurisdictional one because exhaustion is not explicitly required by statute. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017); *see Bartolon v. Bondi*, 813 F. Supp. 3d 811, 823-24 (S.D. Ohio 2025) ("No relevant statute commands administrative exhaustion within this context . . . ."); 8 U.S.C. § 1226; 28 U.S.C. § 2241; 8 C.F.R § 236.1. "Exhaustion can be either statutorily or judicially required.  If exhaustion is required by statute, it may be mandatory and jurisdictional, but courts have discretion to waive a prudential requirement." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004).  In the absence of a statute explicitly requiring exhaustion, I may nonetheless require prudential exhaustion if:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quotation omitted).

The government contends that the *Puga* factors weigh in favor of requiring Lopez to exhaust administrative remedies.  Lopez does not reply to this argument and therefore concedes the issue that prudential exhaustion is generally required. LR 7-2(d).  Lopez thus should have exhausted his administrative remedies by appealing the IJ's decision to the Board of Immigration Appeals (BIA).

**B.  I do not waive the prudential exhaustion requirement.**

"[E]ven if the three *Puga* factors weigh in favor of prudential exhaustion, a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will

result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing*, 370 F.3d at 1000). The petitioner bears the burden of demonstrating at least one of these factors applies. *See Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018) ("[The petitioner] must show that at least one of the *Laing* factors applies in order to excuse exhaustion.").

Lopez argues that waiver of the exhaustion requirement is warranted for two reasons. First, he contends that he suffers irreparable harm each day he is detained without a constitutionally adequate bond hearing. Second, the BIA may not be able to review Lopez's bond determination if he is removed while awaiting administrative appeal.

Detention without a constitutionally adequate bond hearing is irreparable injury. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) (explaining that the loss of a constitutional right, "for even minimal periods of time, unquestionably constitutes irreparable injury"); *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *3 (W.D. Wash. Nov. 7, 2019). But I do not waive exhaustion where the petitioner argues irreparable harm based only on an assumption that their detention is unlawful because that argument would apply to any petitioner who believed an IJ made a legally erroneous ruling at a bond hearing. *See Pleitez Castillo v. Mullin*, No. 2:26-cv-00777-APG-BNW, 2026 WL 1972424, at *7 (D. Nev. July 8, 2026). If a bond hearing is constitutionally adequate, detention following the hearing is not irreparable harm because a BIA appeal is meant to remedy any error made by the IJ. *See Aden*, 2019 WL 5802013, at *3.

Here, Lopez has not shown that his bond hearing was constitutionally inadequate. He contends that the government should have had the burden of proof at his hearing and that his DUI conviction and charge do not support a dangerousness finding. The government responds

that the petitioner has the burden to show that he merits release on bond and that his DUI conviction and arrest support a finding of dangerousness, so the IJ did not err.

A noncitizen detained under 8 U.S.C. § 1226(a) is entitled to an individualized bond hearing where he must prove "by the preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk'" for the IJ to order his release. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)).  In *Rodriguez Diaz*, the Ninth Circuit rejected a claim that it is "constitutionally inadequate" for a noncitizen to bear the burden of proof at his initial immigration bond hearing. *Id.* at 1210.  But the Ninth Circuit left open the question whether placing the burden on the noncitizen could create an unacceptably high risk of erroneous deprivation of the noncitizen's interest because the noncitizen experiences language and cultural barriers, difficulty obtaining evidence, and financial inability to hire an attorney. *Id.* at 1211-12.  Lopez does not assert he faced similar issues that would lead to a constitutionally inadequate bond hearing.  Therefore, his bond hearing was not constitutionally inadequate due to the burden of proof.

The IJ ruled that Lopez was a danger based on his 2023 DUI conviction and his 2026 DUI arrest. ECF No. 8-8 at 2.  The IJ cited a BIA decision to support her ruling, *Matter of Siniauskas*, 27 I. & N. Dec. 207 (BIA 2018).  The IJ also accurately described Lopez's criminal history, the most pertinent factor when assessing dangerousness, and her citation to *Siniauskas* supports her finding of dangerousness.  *Siniauskas* is a precedential BIA decision and thus "serve[s] as precedent[ ] in all proceedings involving the same issue or issues" before IJs. 8 C.F.R. § 1003.1(g)(1)-(2); *Salazar-Leyva v. Sessions*, No. 17-cv-04213-EMC, 2019 WL 1936239, at *1 (N.D. Cal. May 1, 2019).  In *Siniauskas*, the BIA found a noncitizen to be a

danger to the community because he had three DUI convictions from over ten years prior and was arrested for a fourth DUI within the prior year. 27 I. & N. Dec. at 208. It noted how "[d]riving under the influence is a significant adverse condition in bond proceedings" because it "presents a serious risk of physical injury to others" and causes a significant amount of deaths, injuries, and property damage every year. *Id.* at 208-09 (simplified). The BIA placed considerable weight on the noncitizen's "recent arrest" for a new DUI because it "undercut[] his argument that . . . [he did] not pose a danger to the community," even though his convictions were from over ten years prior. *Id.* at 209-10. *Siniauskas*' description of the danger DUIs pose applies to Lopez's conduct. He was convicted of a DUI three years ago and he has a recent DUI arrest like the noncitizen in *Siniauskas*, meaning his "is not a case involving a single conviction for driving under the influence from 10 years ago." *Id*. at 210. Lopez therefore has not shown how the IJ's decision that Lopez failed to meet his burden of proving he is not a danger to the community suffers from a constitutional infirmity.

Lopez argues that the IJ's failure to consider his financial circumstances and alternative conditions of release is inconsistent with due process. But the Ninth Circuit has indicated it is "likely" that an IJ must consider those factors when "setting monetary bonds" after the IJ determines the noncitizen is not a danger to the community, is not a flight risk, and is thereby bond eligible. *Hernandez*, 872 F.3d at 990-91, 994; *see also Siniauskas*, 27 I. & N. Dec. at 210 ("[A]n Immigration Judge should only set a monetary bond if the [detained noncitizen] first establishes that he is not a danger to the community."). Further, the Ninth Circuit has held that the BIA does not have to consider alternative conditions of release on a noncitizen's appeal of his bond denial if the BIA already found him "to be a danger to the community." *Martinez*, 124 F.4th at 786. Here, the IJ determined that Lopez was a danger to the community, so it did not

violate due process for her to not consider his financial circumstances or alternatives to release when denying him bond.  Because Lopez does not show that his bond hearing was constitutionally deficient, he does not face irreparable harm by being detained while awaiting BIA appeal.

Additionally, Lopez does not show that waiver is warranted because his administrative appeal may become moot if he is removed while waiting for the BIA's decision.  He cites no authority to support the contention that a petitioner facing removal proceedings may sidestep administrative review and waive exhaustion requirements for appeal of a bond determination. That argument would apply to any petitioner who is denied bond and faces removal, thereby creating a loophole in the appeal process.  If Lopez is removed while waiting for his administrative appeal of the decision to deny him bond, he will be released from detention and that process does not demonstrate irreparable harm or make his administrative remedy related to the bond denial inadequate, not efficacious, or futile.

I therefore decline to waive prudential exhaustion for Lopez.  Because he must exhaust administrative remedies before filing his habeas petition, I deny his amended petition for failure to exhaust.

**II.  CONCLUSION**

I THEREFORE ORDER that petitioner Edilver Aguilar Lopez's amended petition for writ of habeas corpus **(ECF No. 7) is DENIED**.

I FURTHER ORDER the clerk of court to close this case.

DATED this 17th day of July, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

7